ORDER
FORDHAM, JUDGE:
On January 9, 2007, the claimant and his minor son were the victims of criminally injurious conduct in Charleston, Kanawha County. The claimant and his wife, Eileen Pope, were arguing during marital counseling. Ms. Pope (the alleged offender) *367 became belligerent and shoved the claimant. The claimant and the alleged offender had to be separated by the counselor. According to the police report, neither party sustained injuries as a result of the incident.
On December 5, 2007, the claimant filed a claim on his own behalf (CV-670aX) and on behalf of his minor son who witnessed the incident (CV-670b-X). On May 21, 2008, the Claim Investigator recommended that no award be granted because the claimant did not respond to the Claim Investigator’s request for documentation regarding his economic losses. On June 16, 2008, the claimant filed his Response to the Investigator’s Finding of Fact and Recommendation and submitted receipts for medication that he had been prescribed and also for counseling services that he had received from the Domestic Violence Counseling Center. Claimant’s counseling sessions total $3,900.00 (at a cost of $ 100.00 per session for thirty-nine sessions). By Order dated October 6,2008, Judge Sayre ordered that the claimant was entitled to recover an award in the sum of $39.52 for his prescription expenses, but no further reimbursement was awarded for the counseling services rendered by a non-licensed counselor.
On October 24, 2008, claimant requested a hearing in response to the Court’s Order. This matter came on for hearing December 4, 2008, the claimant appearing by counsel Steven B. Wiley, and the State of West Virginia by counsel, Gretchen A. Murphy, Assistant Attorney General.
The main issue before this Court on appeal is whether the Domestic Violence Counseling Center is entitled to receive compensation from the West Virginia Crime Victims Compensation Fund for counseling expenses provided by a non-licensed counselor in this State. Testifying at the hearing of this matter was Elizabeth Crawford, Director of the Domestic Violence Counseling Center. Ms. Crawford obtained an undergraduate degree from Marshall University in Chemistry and Medical Laboratory Technology in 1978. She also received a master’s degree in Community Health Promotion Education from West Virginia University in 1998.
According to Ms. Crawford, her counseling methods stem from her formal and informal training. Ms. Crawford testified that she received informal training from the licensed professional counselor who counseled her when she was a domestic violence victim. She also has taken continuing education courses that are related to domestic violence and counseling. Since her master’s degree is not related to the field of counseling, the West Virginia Board of Examiners in Counseling has excluded her from sitting for the State examination to become a licensed professional counselor.
Ms. Crawford stated that the Domestic Violence Counseling Center is a nonprofit organization which was formed to address the mental health needs of domestic violence victims and offenders. Although the organization is open to all members of the public in need of counseling services, it also reaches out to racial minorities and provides culturally sensitive counseling services. Ms. Crawford’s fees are $ 100.00 per hour. She developed this billing amount in 2003 based on the rate that counselors in Huntington and Charleston were charging for their services.
Ms. Crawford testified that she has seen an improvement in the claimant’s self-esteem, and he has shown progress since he began attending counseling sessions at the Domestic Violence Counseling Center. The claimant has become a peer counselor and has helped other male victims of domestic violence. The claimant also testified that the counseling sessions have helped his self-esteem and have been very effective.
*368 At the hearing, counsel for the respondent moved to dismiss the claim, and subsequently filed a memorandum in support of that motion. In Respondent’s Motion to Dismiss, the respondent asserts that the Court must dismiss this claim based on the Court’s precedent that the West Virginia Crime Victims Compensation Fund cannot compensate unlicensed counselors for their services. Paragraph 2 of the “Guidelines for Mental Health Counseling Services,” approved by the Court on December 9,2005, states as follows:
Charges incurred for mental health counseling shall be deemed proper for reimbursement by the Court under § 14-2A-19a of the W.Va. Code only if reasonable and the care to the victim is provided by a physician, or a psychologist, or a professional counselor, currently licensed as such by the State of West Virginia or in the state where the care is given and if the care provided by the mental health provider is within the scope of his or her license.
Respondent notes that, In the Matter of: Maria L. Ormsby (CV-04-613A) (2008), this Court held that the claimant was entitled to partial compensation for services provided by an unlicensed counselor where the counseling services were rendered prior to the adoption of the Court’s Guidelines.
In the claimant’s Response to the Motion to Dismiss, he asserts that counselors working for non-profit organizations are exempt from the State licensing requirements.[50] In addition, W.Va. Code §§ 14-2A-1, et seq. contains no language distinguishing between licensed professional counselors and legally-unlicensed counselors for the purposes of compensation. The claimant asserts that the Court’s authority to enact rules under the “Guidelines for Mental Health Counseling” exceeds the scope of authority granted to this Court by the Legislature and contravenes the intent of the Legislature to allow for legally-unlicensed non-profit counselors to receive compensation from the Crime Victims Compensation Fund. The claimant states that the “Guidelines for Mental Health Counseling” is ultra vires and should be afforded no preclusive effect. The claimant further contends that the counseling services which the claimant received proved to be effective. Thus, the claimant asserts that the Court should reimburse the claimant for counseling services rendered by the Domestic Violence Counseling Center.
In Respondent’s Reply, the respondent avers that the Court has the statutory authority to interpret its own rules. W.Va. Code § 14-2A-3(f)(1), which defines what constitutes an “allowable expense,” provides:
“Allowable expense” means reasonable charges incurred or to be incurred for reasonably needed products, services and accommodations, including those for medical care, mental health *369 counseling, prosthetic devices, eye glasses, dentures, rehabilitation and other remedial treatment and care.
Since “mental health counseling” is not defined, the Court must interpret its meaning. The Court, through its “Guidelines for Mental Health Counseling,” has interpreted “mental health counseling” to include only counseling services provided by a licensed counselor, physician, or psychologist. Respondent contends that “mental health counseling” cannot be provided by one who has no qualifications or experience or training other than being named a counselor and working for a non-profit organization, which is exempt from the licensing requirements for a counselor. Respondent asserts that if the Court interpreted the statute as the claimant proposes, then the W est Virginia Crime Victims Compensation Fund would need to reimburse any victim of crime who receives counseling from anyone who claims to be a counselor and provides counseling services for a non-profit organization. Thus, the respondent requests that the Court deny the claimant’s request for compensation for the counseling services rendered by the Domestic Violence Counseling Center to this victim by Ms. Crawford.
The Court finds that it is unable to approve an award of compensation for counseling services provided by Ms. Crawford, an unlicensed counselor, at the Domestic Violence Counseling Center. The “Guidelines for Mental Health Counseling Services” were adopted by the Court to interpret when “mental health counseling” constitutes an “allowable expense” pursuant to W.Va. Code § 14-2A-3(f)(1). Unlike In the Matter of: Maria L. Ormsby (CV-04-613A) (2008), the “Guidelines for Mental Health Counseling” were in effect at the time that the claimant received services from the Domestic Violence Counseling Center. The Court has determined that only counseling services provided by a licensed counselor, physician, or psychologist are compensable. In the instant case, the Court has determined that the counseling services were not rendered by a qualified, licensed professional as set forth above. Therefore, the Court must deny this claim.
Claim disallowed.

 W.Va. Code § 30-31-3. Activities exempted; persons exempted from licensing;
limitations on licensed professional counselors
(4) The official duties of persons serving as counselors, whether as volunteers or for compensation or other personal gain, in any public or private nonprofit corporations, organizations, associations, or charities...